NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Substituted Trustee under the Will of ALBERT L. GALLATIN, Deceased, Respondent, *v.* ALBERT E. GALLATIN et al., Respondents, and ROBERT LARGE et al., Appellants, Impleaded with Others.

*N. Y. Life Ins. & Trust Co.* v. *Gallatin,* 184 App. Div. 937, affirmed.
(Argued November 20, 1919; decided December 9, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1918, affirming a judgment in favor of defendants, respondents, entered upon the report of a referee. The will of Albert L. Gallatin, who died without issue, devised certain residuary estate, in such event, to his executors, in trust, to pay over the income to his brother for life, with a direction to pay over and transfer the principal upon his brother's death to his brother's surviving issue, and, if there were none, to the testator's cousin. The testator's brother survived him and received the income from this trust estate until his death in 1915, but the direction to the trustee to pay over and transfer the principal upon that event to the brother's surviving issue or, if there were none, to the testator's cousin, could not be carried out, for the brother left no issue and the testator's cousin was dead. The will makes no provision for that contingency, and the plaintiff, which had been substituted as trustee, thereupon brought this action to determine to whom the property belongs and to settle its accounts.

The appellants claimed that, as the will made no disposition of the property in the event which thus occurred, and as it was real estate at the time of the testator's death, it belongs to his heirs and if so it belongs to the estate of his deceased brother, and should be paid over to the appellant Large as the executor of that brother's will. The respondents claimed that the direction to pay over and transfer was equivalent to a present gift, and vested title to this property in the testator's cousin upon the testator's death, and that upon the subsequent death of the cousin, prior to the event upon which the payment and transfer was directed to be made, his title passed to them as his legatees and devisees, and entitled them to receive the fund when that event subsequently occurred.

*Theodore W. Morris, Jr.,* for appellants.

*Langdon P. Marvin* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.